SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ,                                  SUSSEX COUNTY COURTHOUSE
RESIDENT JUDGE                                              1 THE CIRCLE, SUITE 2
                                                                    GEORGETOWN, DE 19947
                                                                    TELEPHONE (302) 856-5263

August 10, 2023

Jamesly Massenat
Pike County Correctional Facility
175 Pike County Boulevard
Lords Valley, PA 18428

Re: *State of Delaware v. Jamesly Massenat,* Def. ID No. 1812010900
    Rule 61 Motion for Postconviction Relief
    Request for Evidentiary Hearing

Dear Mr. Massenat:

On June 10, 2019, after a colloquy with me, you entered a guilty plea to charges of Theft of less than $1,500 from a Senior and I sentenced you to one (1) year at Level 5, suspended for one (1) year at Supervision Level 2.

On July 26, 2023, you filed your first *pro se* Motion for Postconviction Relief (the "Motion") with me under Delaware Superior Court Criminal Rule 61. In the Motion, you make certain allegations about ineffective assistance of counsel with respect to your representation by your trial counsel, Stephen Welsh, Esquire ("Trial Counsel"), namely that he failed to correctly advise you of the deportation

consequences of your guilty plea. You cite as authority *Padilla v. Kentucky.*[1] In your

Motion, you request an evidentiary hearing on this issue. Other than your claim and

the citation of *Padilla*, you state no facts to support your claim.

A threshold issue is whether the Motion is barred under one or more of the

four (4) procedural bars of Rule 61.[2] If a procedural bar exists, as a general rule I

will not address the merits of the Motion.[3] The Motion can be barred for time

limitations, successive motions, failure to raise claims below, or former

adjudication.[4]

A Motion exceeds time limitations if it is filed more than one (1) year after the

conviction becomes final.[5] In this case, your conviction became final thirty (30) days

after sentencing,[6] or July 10, 2019. Since your Motion was filed much more than a

year after that date, it is barred by the one-year limitation.

Moreover, Rule 61 is an available remedy only for a person *in custody* under

a sentence of this Court.[7] You are not incarcerated in Delaware under a sentence I

---

[1] 559 U.S. 356 (2010).
[2] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990)).
[3] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).
[4] Super. Ct. Crim. R. 61(i).
[5] Super. Ct. Crim. R. 61(m)(1).
[6] Super. Ct. Crim. R. 61(i)(1).
[7] Super. Ct. Crim. R. 61(a)(1).

imposed. It appears that you are incarcerated in Pennsylvania. Thus, Rule 61 relief is not available to you.

Finally, with respect to the central claim of your Motion, other than citing *Padilla*,[8] you give no facts to support your claim. Rather, you make unsupported conclusory allegations, without any specific evidence.

For these reasons, your Motion is barred by the one-year limitation, Rule 61 is not available to you, and in any event your claim is unsupported by facts. Consequently, your request for an evidentiary hearing is moot.

Your Motion is therefore **DENIED**.

Your request for an evidentiary hearing is **DENIED**.

Very truly yours,

/s/ Craig A. Karsnitz

cc:    Prothonotary's Office
       Department of Justice

---

[8] In *Padilla*, the U.S. Supreme Court held that advice regarding deportation is not categorically removed from the ambit of the Sixth Amendment's requirement of effective assistance of counsel. Trial Counsel's failure to correctly advise defendant of the deportation consequences of his guilty plea to drug charges amounted to constitutionally deficient assistance under *Strickland v. Washington*, 466 U.S. 668 (1984).

3